**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

___ FILED        ___ LODGED
___ RECEIVED     ___ COPY

JAN 1 4 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

**JANE DOE,**

**Plaintiff, Pro Se,**

CV-26-225-PHX-JJT

v.

**CITY OF SCOTTSDALE, a municipal corporation,**

**Defendant.**

Case No.: _____

(Assigned to the Honorable _____ )

**PLAINTIFF'S MOTION FOR PRETRIAL REASONABLE ACCOMMODATIONS**

**PURSUANT TO ADA TITLE II AND SECTION 504**

Plaintiff Jane Doe, proceeding pro se, respectfully moves the Court for reasonable accommodations pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, to ensure equal access to the Court and effective participation in pretrial proceedings.

This Motion is limited expressly and exclusively to pretrial proceedings. Plaintiff understands that trial-stage procedures are governed by separate considerations and reserves the right to address any trial-related accommodations at a later stage when necessary.

## I. BASIS FOR REQUEST

Plaintiff is a qualified individual with disabilities within the meaning of the ADA and Section 504. Plaintiff's disabilities affects information processing and communication under high-stress or unstructured oral conditions, and warrants reasonable accommodations to ensure equal and effective participation in these proceedings.

Plaintiff does not seek substantive advantage, special treatment, or modification of legal standards. Plaintiff seeks only reasonable, procedural accommodations necessary to access court-administered services, programs, and activities on equal footing and to meaningfully and equally participate in this litigation during the pretrial phase.

## II. REQUESTED PRETRIAL ACCOMMODATIONS

Plaintiff respectfully requests the following reasonable accommodations, limited to pretrial proceedings:

### 1. WRITTEN-FIRST COMMUNICATION DEFAULT

That pretrial communications, instructions, and procedural matters be conducted in writing to the maximum extent practicable, including scheduling, deadlines, and procedural directives, with oral communication used only where written communication is not reasonably practicable.

### 2. COURT-RECOGNIZED, ON-THE-RECORD COMMUNICATION CHANNELS

That substantive pretrial communications occur through court-recognized, documented channels, including written court orders, minute entries, filings, and communications transmitted through the Court's authorized electronic filing and service systems, rather than informal or off-record telephone calls or unsolicited communications.

### 3. WRITTEN DISCOVERY AS PRIMARY MECHANISM

That discovery proceed primarily through written discovery mechanisms permitted by the Federal Rules of Civil Procedure, including interrogatories under Rule 33, requests for

Plaintiff's Motion for Pretrial Reasonable Accommodations Pursuant to ADA Title II and Section 504

production under Rule 34, and requests for admission under Rule 36. Plaintiff affirms a good-faith commitment to participate fully in discovery through these written mechanisms.

## 4. DEPOSITIONS BY WRITTEN QUESTIONS

That any deposition of Plaintiff proceed by written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure unless the Court determines that an oral deposition is necessary and orders appropriate accommodations.

## 5. WRITTEN MEET-AND-CONFER PROCEDURES

That meet-and-confer obligations and discovery-related coordination be conducted in writing through court-recognized channels to ensure clarity, accountability, and effective compliance.

## 6. REMOTE PARTICIPATION FOR REQUIRED ORAL PROCEEDINGS

Where the Court determines that live or oral participation is necessary for a specific pretrial proceeding, that such participation be conducted remotely by videoconference or telephone, with camera-off participation permitted where reasonable.

## 7. CLARIFICATION BEFORE ADVERSE CONSEQUENCE

Where a written directive, deadline, or procedural obligation is unclear, that Plaintiff be permitted to seek written clarification through court-recognized channels before any adverse consequence, waiver, or sanction is imposed.

## 8. STRUCTURED DEADLINES AND DOCUMENTED SERVICE

That procedural obligations and deadlines arise only from written court orders or documented service sufficient to permit accurate calculation of time and effective compliance, consistent with Rules 5 and 6 of the Federal Rules of Civil Procedure.

## 9. FORMATTING, PAGE LENGTH, AND NON-PATHOLOGIZATION OF WRITTEN SUBMISSIONS

Plaintiff respectfully requests, as a reasonable access accommodation, that the Court recognize that Plaintiff's written communication style, including structure, organization, length, and explanatory detail, constitutes Plaintiff's primary and necessary means of accessing the Court and participating meaningfully in pretrial proceedings.

Plaintiff affirms a good-faith effort to comply with all applicable Federal Rules of Civil Procedure, Local Rules, formatting requirements, and page limitations to the extent

practicable. However, Plaintiff respectfully requests that the Court not construe good-faith deviations in formatting, length, or explanatory detail as dilatory, abusive, frivolous, or noncompliant where such characteristics arise from Plaintiff's disability-related communication needs.

Plaintiff's written submissions are not intended to burden the Court or parties, but to ensure clarity, accuracy, and effective communication. Plaintiff respectfully requests that no adverse inference, credibility determination, sanction, or characterization be imposed based on the volume, structure, or explanatory nature of Plaintiff's filings where those characteristics reflect Plaintiff's sole effective method of court access.

Nothing in this request seeks exemption from procedural rules or substantive requirements. Plaintiff seeks only reasonable latitude to communicate in a manner that permits meaningful participation and equal access consistent with ADA Title II, Section 504, and the purposes of Rule 1 of the Federal Rules of Civil Procedure.

## 10. NO ADVERSE INFERENCE FROM ACCOMMODATION USE

That no adverse inference, credibility determination, or procedural disadvantage be imposed based on Plaintiff's use of approved ADA-related access accommodations.

## III. REASONABLENESS AND NO PREJUDICE

The requested accommodations are reasonable, narrowly tailored, and consistent with the Federal Rules of Civil Procedure, including Rules 1, 26, and 31. They do not alter substantive rights, shift burdens of proof, or prejudice Defendant's ability to prepare and present a defense.

Courts routinely grant similar accommodations to ensure effective communication and equal access for pro se litigants with disabilities.

## IV. SCOPE LIMITATION AND NON-WAIVER

This Motion applies solely to pretrial proceedings. Nothing herein places Plaintiff's medical condition or personal attributes at issue, expands the permissible scope of discovery, or constitutes a waiver of any right, objection, or protection under federal law. Plaintiff expressly reserves all rights related to trial-stage proceedings.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and order the reasonable pretrial accommodations described above, or such other accommodations as the Court deems appropriate.

DATED this __14th__ day of __January_____, 2026.


_Jane Doe_____
Jane Doe

Plaintiff, Pro Se

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

## PHOENIX DIVISION

JANE DOE,

Plaintiff, Pro Se,

v.

CITY OF SCOTTSDALE, a municipal corporation,

Defendant.

Case No.: _____

(Assigned to the Honorable _____)

## [PROPOSED] ORDER

## GRANTING PLAINTIFF'S MOTION FOR PRETRIAL REASONABLE

## ACCOMMODATIONS PURSUANT TO

## ADA TITLE II AND SECTION 504

[Proposed] Order Granting Plaintiff's Motion for Pretrial Reasonable Accommodations

The Court, having considered Plaintiff's Motion for Pretrial Reasonable Accommodations pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and good cause appearing,

IT IS ORDERED granting Plaintiff's Motion.

IT IS FURTHER ORDERED that, for purposes of pretrial proceedings only, Plaintiff shall be afforded reasonable accommodations to ensure effective communication and equal access to court-administered services, programs, and activities.

IT IS FURTHER ORDERED that pretrial communications, procedural instructions, and scheduling matters shall be conducted primarily in writing through court-recognized channels to the extent practicable.

IT IS FURTHER ORDERED that substantive pretrial communications shall occur through documented, on-the-record means, including written court orders, minute entries, filings, and communications transmitted through the Court's authorized electronic filing and service systems.

IT IS FURTHER ORDERED that discovery shall proceed primarily through written discovery mechanisms permitted under the Federal Rules of Civil Procedure, including

[Proposed] Order Granting Plaintiff's Motion for Pretrial Reasonable Accommodations

Rules 33, 34, and 36, and that any deposition of Plaintiff shall proceed by written questions pursuant to Rule 31 unless otherwise ordered by the Court upon a showing of necessity.

IT IS FURTHER ORDERED that any required oral or live pretrial proceeding shall, where reasonable, be conducted remotely, and that camera-off participation shall be permitted where practicable.

IT IS FURTHER ORDERED that Plaintiff shall be permitted to seek written clarification of any unclear directive or deadline through court-recognized channels prior to the imposition of any adverse consequence, waiver, or sanction.

IT IS FURTHER ORDERED that no adverse inference, credibility determination, or procedural disadvantage shall be imposed based solely on Plaintiff's use of approved pretrial accommodations.

IT IS FURTHER ORDERED that this Order applies solely to pretrial proceedings and does not govern trial-stage procedures, which may be addressed separately if necessary.

IT IS FURTHER ORDERED that this Order may be modified upon motion or upon a showing of good cause.

[Proposed] Order Granting Plaintiff's Motion for Pretrial Reasonable Accommodations

DATED this _____ day of _____, 2026.


_____

Honorable _____

United States District Judge

[Proposed] Order Granting Plaintiff's Motion for Pretrial Reasonable Accommodations