**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jane Doe,

        Plaintiff,

v.

City of Scottsdale, *et al.*,

        Defendants.

No. CV-26-00225-PHX-JJT

**ORDER**

At issue is Plaintiff's Motion to Proceed Under Pseudonym and to File Complaint Using a Pseudonym (Doc. 1), Motion for Pretrial Reasonable Accommodations Pursuant to ADA Title II and Section 504 (Doc. 4), and Motion to File Complaint Under Seal (Doc. 9). For the reasons below, the Court denies each Motion and dismisses Plaintiff's Verified Complaint for Declaratory, Injunctive, and Monetary Relief ("Complaint") (Doc. 10) for failure to abide by the Federal Rules of Civil Procedure.

In the Ninth Circuit, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). Courts should consider factors such as "the severity of the threatened harm" and "the reasonableness of the anonymous party's fears," and courts "must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether

proceedings may be structured to as to mitigate that prejudice." *Id.* (addressing a request to proceed anonymously in a case of threatened retaliation).

Here, Plaintiff "seeks pseudonym protection at the pleading stage to avoid foreseeable harm associated with public identification" (Doc. 1 at 2–3) and to seal the Complaint that uses her real name (Doc. 9 at 2). But Plaintiff does not identify what that "foreseeable harm" is and, as far as the Court can tell, there are no "special circumstances" here. Public knowledge of her identity, without more, does not justify the relief that Plaintiff seeks. Plaintiff also does not explain how her anonymity would outweigh the prejudice to Defendants that arises from not knowing Plaintiff's identity. Accordingly, the Court denies Plaintiff's request to proceed by pseudonym and to file the Complaint under seal.

Next, Plaintiff filed a motion for "reasonable accommodations pursuant to Title II of the Americans with Disabilities Act . . . and Section 504 of the Rehabilitation Act . . . to ensure equal access to the Court and effective participation in pretrial proceedings." (Doc. 4 at 2.) Plaintiff requests the Court make the following accommodations: (1) to conduct pretrial matters in writing *only*, or to the extent in-person hearings are required, to hear the parties by telephone or video-disabled conference *only*; (2) to permit Plaintiff "to seek written clarification" of orders before the Court issues her adverse consequences; (3) to refrain from issuing sanctions in the event Plaintiff's filings demonstrate "deviations in formatting, length, or explanatory detail"; and (4) limiting discovery, depositions, and meet-and-confer procedures to written format *only*. (Doc. 4.)

The Court acknowledges that Plaintiff prefers to participate in this matter through writing, and the Court will keep that preference in mind. Ultimately, though, the Court has inherent authority to manage its docket, maintain decorum of the parties before it, and promulgate and enforce rules for the management of litigation. *Spurlock v. FBI*, 69 F.3d 1010, 1016 (9th Cir. 1995). The Court observes that its general administration of matters does typically occur in writing or by telephone, but it declines to restrain its authority to address the parties in-person to the extent it becomes warranted or necessary.

- 2 -

As is customary, every action taken by the Court is documented on the record to which Plaintiff can refer as needed. The Court always endeavors to make its expectations and directives of the parties clear and plain. While Plaintiff may deem it necessary to file documents seeking relief or moving to clarify an order, she should not regard her ability to file those documents as a wholesale ticket to inundate the Court with frivolity on the account of wanting to provide "explanatory detail." Plaintiff basically requests that she file *anything* without regard for reason or consequence. That is not the way this works. Documents filed with the Court must arise from either rule or law, not merely from a party's whim. Even as a *pro se* litigant, Plaintiff must comply with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure for the District of Arizona, or the rules of this Court. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Similarly, the Court will not cabin discovery or inter-party communication methods to writing only. As often is the case, the parties may find email to be the most effective and convenient way to communicate, and Plaintiff is welcome to explore this possibility with the opposing parties as appropriate. And, as Plaintiff herself recognizes, most discovery is conducted in writing, such as interrogatories and requests for admission. There are times, though, when discovery occurs outside the four corners of a piece of paper. Examples include inspection of land pursuant to a request for production, physical or mental examinations of a party, or oral depositions. "The Federal Rules of Civil Procedure generally allow a party to select the method or methods of discovery and the order of discovery methods used," *Memory Integrity, LLC v. Intel Corp.*, 308 F.R.D. 656, 661 (D. Or. 2015), and the Court declines to prospectively limit any party's discovery at this stage of the proceedings.

Turning now to Plaintiff's Complaint, the Court observes that it is 159 pages long and contains over 900 paragraphs of allegations and 46 claims restating some variation of a single claim arising under the Fourteenth Amendment and 42 U.S.C § 1983. Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the

claim showing that the pleader is entitled to relief" and demands "simplicity, directness, and clarity." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). There is nothing short and plain about the Complaint, and its sheer volume and tediousness renders it incomprehensible.

Accordingly, Plaintiffs' Complaint must be dismissed for failure to comply with the pleading requirements set forth in the Federal Rules of Civil Procedure. When, as here, a defective complaint might be cured, a party is entitled an opportunity to amend it before the action is dismissed. *See Lopez*, 203 F.3d at 1127–30. Therefore, Plaintiff may, if she so chooses, amend her pleading to make clear her allegations in short, plain statements for each claim for relief, identify which specific defendants are responsible for the conduct giving rise to each claim, the damages resulting from that conduct, and the basis for this Court's jurisdiction. Those statements should be made "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

**IT IS ORDERED** denying Plaintiff's Motion to Proceed Under Pseudonym and to File Complaint Using a Pseudonym (Doc. 1) and directing the Clerk of Court not to file the Verified Complaint for Declaratory, Injunctive, and Monetary Relief currently lodged at Doc. 2.

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Pretrial Reasonable Accommodations Pursuant to ADA Title II and Section 504 (Doc. 4).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to File Complaint Under Seal (Doc. 9) and directing the Clerk of Court to file Plaintiff's Verified Complaint for Declaratory, Injunctive, and Monetary Relief currently lodged under seal at Doc. 10 on the public record.

**IT IS FURTHER ORDERED** dismissing Plaintiff's Verified Complaint for Declaratory, Injunctive, and Monetary Relief currently lodged under seal at Doc. 10.

**IT IS FURTHER ORDERED** that, no later than fourteen days from the date of this Order, Plaintiff may file an amended complaint to cure the pleading defects identified

herein. If Plaintiff fails to do so, the Clerk of Court shall dismiss this matter without further notice.

Dated this 9th day of March, 2026.

_____
Honorable John J. Tuchi
United States District Judge