**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Brigitte Keene,

   Plaintiff,

v.

City of Scottsdale, *et al.*,

   Defendants.

No. CV-26-00225-PHX-JJT

**ORDER**

Before the Court is Defendant City of Scottsdale's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23), to which Plaintiff responded (Doc. 25), the City replied (Doc. 26), and Plaintiff moved for leave to file a sur-reply (Doc. 27) and also for Rule 11 sanctions (Doc. 29).

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief" and demands "simplicity, directness, and clarity." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Rule 10(b) requires a plaintiff to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."

Here, the City moves to dismiss Plaintiff's First Amended Complaint on the basis that it violates Rule 8 and 10 because it is "58 pages long and composed of 394 numbered paragraphs," "does not provide short and plain statements," "is not simple, concise or

direct," and it "is largely impossible for the City to tell which factual allegations and/or claims are being alleged against it." (Doc. 23 at 2.) Plaintiff argues that her amended pleading is "materially narrower and more organized than the complaint previously dismissed" by the Court at the start of these proceedings. (Doc. 25 ¶ 17; *see* Doc. 12 (Order).)  In reply, the City explains that the pleading violates Rules 8 and 10 because "Plaintiff structures large narrative sections—such as ¶¶ 10–147 (factual allegations), ¶¶ 149–170 (municipal practices), and ¶¶ 214–356 (claims)—in ways that make it impossible to determine which of the hundreds of allegations correspond to which of the twelve counts." (Doc. 26 at 2).

Upon review of the First Amended Complaint, the Court finds it to be no model of clarity and, at times, is redundant. But it is not incomprehensible or so generalized as to fail to put the City on notice of what policies or conduct Plaintiff sues upon. Plaintiff sets forth a chronology of detailed events between Plaintiff and the City's law enforcement agency and personnel complete with dates and names of officers and city officials. Later, Plaintiff asserts twelve claims, and in each she sets forth the policy that gives rise to the claim. For example, Plaintiff asserts that the City failed to provide her with written communication, which she contends was an accommodation she requested for her disability, by permitting officers to conduct verbal exchanges with her. Whether these facts sufficiently state a claim under the Americans with Disabilities Act is a different question altogether, but not one raised by the City here.

The allegations, albeit numerous, describe the City's specific policies and customs that, according to Plaintiff, deprived her of an appropriate accommodation for her disability (Counts One, Two, and Five), retaliated against her for requesting the disability accommodation (Counts Three and Four), retaliated against her for exercising her First Amendment rights (Count Six), detained her in violation of her Fourth Amendment right against unreasonable seizure without due process (Counts Seven, Eight, Nine), discriminated against her based on sex (Count Ten), and deprived her of her liberty interest on the basis of false representations of Plaintiff's mental illness (Counts Eleven and

- 2 -

Twelve). This pleading does not run afoul of Rule 8 or 10 and may proceed on that basis. The Court need not consider Plaintiff's proposed sur-reply to find that her pleading complied with Rule 8 and 10, and will deny her leave to file it.

Finally, Plaintiff moves for Rule 11 sanctions against the City for making "characterizations [that] materially misrepresented Plaintiff's conferral position" and then using those characterizations as support for dismissal in the City's reply. (Doc. 29 at 2.) Plaintiff refers to the parts of the City's reply brief where it wrote that Plaintiff "demanded a paragraph-by-paragraph explanation of every deficiency," and insisted that "the City map the FAC for her." (Doc. 29 at 5–6.) Plaintiff argues these are false representations. The Court need not hear from the City on this issue, because Plaintiff fails to demonstrate to the Court that any conduct or misrepresentation occurred that would warrant an extraordinary intervention like Rule 11 sanctions.

First, Plaintiff raised whether the City's conferral process was sufficient in her response brief (Doc. 25 at 13–15), so she cannot fault the City for addressing that process, stating its understanding of how the conferral occurred, and making arguments to the Court that support its underlying motion for dismissal. Second, Plaintiff *did* effectively request a "paragraph-by-paragraph explanation" of the pleading defect; she emailed the City to "provide a more specific written deficiency letter organized, where possible, by claim, issue, and paragraph or section." (Doc. 26-1 at 3.) Further, the City's assertion that Plaintiff was asking it to "map out" her pleading to identify the defect is not an unreasonable interpretation of Plaintiff's emails. The Court does not find the City's characterization of Plaintiff's request during the conferral process so off-base from what she actually wrote to the City as to warrant Rule 11 sanctions.

It appears Plaintiff's motion is borne out of a misunderstanding of the purpose of the meet-and-confers and how to conduct them. The purpose of the meet-and-confer is as follows: when a party believes another party is proceeding in a way that is contrary to the applicable rules or the law interpreting those rules, the meet-and-confer is required to give the objecting party the opportunity to raise with the other party that disagreement and for

the other party, upon hearing the concern, to in good faith evaluate the concern to determine whether it has merit. If the other party agrees the first party's concern has merit, the other party can correct course or the parties can reach some compromised resolution short of involving the Court and requiring it to devote its concededly scarce time refereeing another dispute whose solution is evident in the rules. If the other party does not agree, then the motion or notice is filed and the Court must engage. That is all. The meet-and-confer is not a forum for arguing the merits of the case, nor is it the place to raise things that have happened in other facets of the litigation or to create satellite litigation. It is simply a way to isolate a perceived misstep in the pleadings (or, later, the conduct of discovery) and discuss that limited question—and nothing else—to determine if the parties can resolve the limited issue by mutual assent without coming back to the Court over and over.

The City did not violate the principle of meet-and-confers by informing Plaintiff of its belief that the entire pleading did not contain clear, concise allegations in violation of Rules 8 and 10. Plaintiff's demand that Defendant be specific about what parts of her pleading were non-specific is illogical where, as here, the defect claimed by the City was that *no part* of her pleading was specific. The City put Plaintiff on notice of this purported defect and provided Plaintiff time to contemplate whether that defect did, in fact, exist and should be cured. That was all that was required by the meet-and-confer process.

**IT IS ORDERED** denying Defendant City of Scottsdale's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 23).

**IT IS FURTHER ORDERED** denying Plaintiff's Motion for Leave to File a Limited Surreply [sic] (Doc. 27).

**IT IS FURTHER ORDERED** denying Plaintiff's Rule 11 Motion for Sanctions (Doc. 29).

Dated this 1st day of July, 2026.

Honorable John J. Tuchi
United States District Judge

- 4 -