**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brigitte Keene,<br>Plaintiff,<br>v.<br>City of Scottsdale, *et al.*,<br>Defendants. | No. CV-26-00225-PHX-JJT<br>**ORDER** |

At issue is *pro se* Plaintiff Brigitte Keene's Motion for Case-Management Clarification (Doc. 35, Mot.) and Defendant City of Scottsdale's Response (Doc. 36, Resp.). Plaintiff's motion relates to the Court's previous (standard) Order directing the parties, in advance of the Pretrial Scheduling Conference, to meet and submit a joint Proposed Case Management Plan (PCMP) (Doc. 32, Order).

Plaintiff now requests clarification of the standard Order. Broadly, Plaintiff queries "how the parties should complete the Rule 26(f) process when they have exchanged different proposed case-management documents but have not agreed on a single integrated draft." (Mot. at 3.) Plaintiff lodges the inquiry in view of (at least) two concerns about Defendant's proposed PCMP, which allegedly (i) inaccurately reflects the Court's standard order (Doc. 32) and (ii) attributes positions to Plaintiff that she never held. (Mot. at 2–3.) Plaintiff also provides voluminous correspondence between the parties, informing the Court of who sent whom what and when. To unstick the jam, Plaintiff requests the Court

designate Plaintiff's version of the joint PCMP as the "operative conferral baseline" for the parties' ongoing PCPM assembly. (Mot. at 12.)

In response, Defendant City of Scottsdale avers the request is "unnecessary, unsupported, and inconsistent with the requirements" of the Court's Order. (Resp. at 2.) Defendant urges the Court to deny Plaintiff's motion, thereby permitting the parties to return to the joint task of "preparing the concise, eighteen-item" PCMP. (Resp. at 2.)

The Court declines Plaintiff's invitation to weigh in on the debate. The parties are instructed to refer to the language of the Order. (*See* Order at 2–5.) It is exceedingly clear: "the parties are directed to meet" regarding eight (8) enumerated items, and "at the [] Meeting, shall develop" a joint PCMP for the Court regarding eighteen (18) other enumerated items. (Order at 2–5.)

Because of Plaintiff's *pro se* status, however, the Court will briefly elaborate on the policy rationale underpinning the standard Order. At a high level, the Court issues this Order to streamline the discovery process and to prevent this very scenario from recurring, one in which the Court is forced to adjudicate minute disputes between the parties. The Court will not watch over the parties' shoulders to discern when, where, or how a meeting should take place nor which draft version of the PCMP should or should not be used. The Court expects the parties to resolve these issues on their own. As a reminder, the Court's July 1, 2026 order explicitly encouraged the parties to reach resolutions on their own, *without involving the Court*. (Doc. 30 at 4.) That remains true.

Should a party not understand the purpose of the meet-and-confer process specifically, the parties can review this Court's July 1, 2026 order in which the Court provided the parties with a detailed overview (Doc. 30 at 3–4). To briefly reiterate here: the meet-and-confer process operates by giving the parties a chance to raise their concerns with the opposing party, to listen carefully in turn to the other party's concerns, and then to pursue compromise together. But although the parties must take the action (*i.e.*, the conferral), the Court is meant to reap the benefits (*i.e.*, the conservation of judicial resources). Put another way, the conferral process should *resolve* debates, not *generate*

new ones, and where, as here, the Court is asked to adjudicate the debate, the parties force the Court to divert scarce resources. The Court's benefit is therefore denied.

That said, the Court acknowledges that at times—even in *good faith*—parties cannot agree to disagree. In such cases, where a PCMP cannot be jointly submitted, the parties may submit independent PCMPs. But this should be a measure of last resort. If a party files an independent PCMP, the party must explain to the Court why it could not—in *good faith*—reach an agreement with the opposing party. And in the end, the Court will resolve lingering issues with an eye towards credibility. But take heed that less is more, hence why the PCMP expressly urges brevity. (*See*, *e.g.*, Order at 2 (directing the parties to submit "brief statements" of the case) (emphasis original)). If disagreement reigns, wise is the concise party.

**IT IS ORDERED** denying Plaintiff's Motion for Case-Management Clarification (Doc. 35).

Dated this 10th day of September, 2026.

Honorable John J. Tuchi
United States District Judge