**Melissa Gabel**

| | |
|---|---|
| **From:** | jane.d.azcase@proton.me |
| **Sent:** | Monday, September 28, 2026 8:48 AM |
| **To:** | Melissa Gabel; AZDdb_Accommodations |
| **Cc:** | lgomez@scottsdaleaz.gov; legal |
| **Subject:** | CV-26-00225-PHX-JJT - October 1 Rule 16 Conference - Communication Accommodation Request |

**CAUTION - EXTERNAL:**

Good afternoon,

I am submitting this request through the District of Arizona's published Access Coordinator address concerning the October 1, 2026 Rule 16 Scheduling Conference in Keene v. City of Scottsdale, CV-26-00225-PHX-JJT. I am copying Ms. Gabel because she contacted me regarding my participation in that conference, and I am copying defense counsel so there is no ambiguity concerning notice.

I respectfully request that the October 1 case-management matters be handled through written submissions rather than a live telephone conference.

I want to make my position unequivocally clear at the outset:

I am not refusing to participate in this litigation.

I am not refusing to comply with Judge Tuchi's orders.

I am not withdrawing from the October 1 proceeding.

I am not asking to avoid answering the Court.

If Judge Tuchi denies this accommodation request and directs me to appear telephonically on October 1, I will appear and comply with that directive, even though I object to the telephone format as creating a serious disability-related communication barrier. I will comply while preserving my access objection and all rights and remedies available under applicable law.

My request is for effective access to the proceeding.

The District of Arizona states that, consistent with Judicial Conference policy, it provides reasonable accommodations to persons with communication disabilities. I am requesting such an accommodation here.

I am autistic and have ADHD and PTSD. I am also a domestic-violence survivor. This litigation concerns extraordinarily serious allegations arising from my requests for police assistance and disability-related access following domestic violence, as well as events that I allege culminated in an involuntary behavioral-health process and detention. I am prosecuting those claims without an attorney.

The October 1 conference therefore is not, from my functional perspective, an ordinary or neutral telephone conversation. I will be participating without an attorney intermediary in an adversarial proceeding with counsel representing the governmental entity against which I have brought these claims. I do not have counsel who can speak when I cannot, request clarification on my behalf, recognize and articulate that I am experiencing a trauma

response, preserve my position while I regain the ability to communicate, or prevent silence caused by a communication impairment from being misunderstood as my substantive response.

That distinction is important.

I stand by what I submit to the Court in writing. If I am able to provide a substantive answer orally, I stand by what I say orally as well. I am not requesting an opportunity to retract an answer merely because I later dislike it.

The problem arises when PTSD-related panic or a flashback response, together with my communication disabilities, substantially impairs my ability to speak.

When that occurs, I may know the answer, understand the underlying facts, and possess responsive information while being temporarily unable to convert that information into immediate spoken language.

My inability to speak in that circumstance is not my substantive answer.

It is not agreement with opposing counsel.

It is not an admission.

It is not a waiver.

It is not a concession that I lack responsive facts or evidence.

It is not lack of preparation or lack of good faith.

And it should not be treated as a basis for assessing my credibility.

That is the specific communication-access barrier for which I am requesting accommodation.

I have already attempted to minimize the need for unexpected oral communication by providing my case-management positions comprehensively in writing. My September 24 Separate Proposed Case Management Plan was organized to address the matters identified in Doc. 32 and expressly states my current case-management positions. My accompanying declaration also explains the Rule 26(f) history and the communication-access issue.

Accordingly, I respectfully ask:

If Judge Tuchi requires information from me for purposes of the October 1 Rule 16 proceeding that is not already contained in my written submissions, please identify the additional subject or information in writing before the conference so that I can understand what is required and prepare an accurate response.

If the Court does not presently require information from me beyond what I have already submitted in writing, I respectfully request that the October 1 scheduling matters be resolved on the written submissions without requiring the live telephone conference.

This request is consistent with the case-management purpose of Rule 16. Rule 16 is designed to establish early and continuing control of the case, discourage wasteful pretrial activity, improve preparation, and facilitate the just and efficient disposition of the action. The Rule requires entry of a scheduling order, while the Rules recognize judicial discretion concerning the management of the scheduling process.

If Judge Tuchi nevertheless determines that a live telephone conference is necessary, I respectfully request the following alternative communication safeguards:

First, to the extent practicable, please identify before the conference any additional substantive subjects the Court anticipates requiring me to address beyond the positions already contained in my written submissions.

Second, if a materially new or unexpected substantive matter is raised during the conference and I am able to respond orally, I will do so.

Third, if such a matter is raised and I expressly advise the Court that I am experiencing the disability-related communication impairment described above and cannot formulate an effective verbal response, I respectfully request that my inability to provide an immediate oral answer not be treated as my substantive position, an admission, agreement, waiver, lack of responsive information, lack of preparation, lack of good faith, or credibility determination.

In that circumstance, I request that the matter be identified sufficiently for me to understand what requires a response and that I be afforded a reasonable opportunity to provide that substantive response in writing before my disability-related inability to speak is treated as my position concerning that matter.

This safeguard is particularly important if a materially new issue could affect an order entered following the conference. I am requesting the opportunity to communicate my actual position before an inability to communicate orally is converted, expressly or implicitly, into a factual, procedural, or credibility determination.

The fundamental concern is accuracy.

Due process protects a meaningful opportunity to be heard at a meaningful time and in a meaningful manner. See Mathews v. Eldridge, 424 U.S. 319, 333 (1976). I understand that the procedural requirements applicable to a Rule 16 scheduling conference are not identical to an adjudication on the merits, and I am not asserting otherwise. I cite that principle because the accommodation I am requesting is directed toward meaningful communication rather than avoidance of the proceeding.

I also understand that Rule 16 authorizes the Court to require an unrepresented party to participate in a pretrial conference and authorizes consequences for failure to appear, substantial unpreparedness, or failure to participate in good faith. Fed. R. Civ. P. 16(a), (f). I am expressly stating in advance that I will comply with the Court's directive. My request should therefore not be understood as a refusal to appear or participate.

I am instead asking the Court to distinguish between unwillingness to participate and disability-related inability to communicate effectively through immediate speech.

I have previously raised communication-access concerns during this case. I have continued participating, preparing written submissions, complying with Court directives, and attempting to move this action into merits discovery. I am raising this issue again before October 1 because I do not want the communication barrier to occur first and only then attempt to explain afterward what happened.

The underlying subject matter is traumatic. Requiring me to discuss serious domestic-violence-related events and their consequences in an adversarial setting can have a materially different effect on me than an ordinary telephone conversation. I am not asking the Court to eliminate the adversarial nature of litigation, prevent Defendant from presenting its positions, lower the substantive standards applicable to me, or insulate me from difficult issues.

I am asking that the format not transform a known communication impairment into a litigation disadvantage.

I have repeatedly attempted to obtain effective communication concerning matters underlying this litigation, and I have also previously requested communication access in this litigation. I am documenting this request now so that there is no ambiguity about the barrier, the accommodation requested, my willingness to comply, or my intention to continue prosecuting this action.

For clarity, my requested accommodations, in order of preference, are:

1. Resolve the October 1 case-management matters through the parties' written submissions without requiring a live telephone conference.
2. If the Court requires additional information from me, identify the additional matter in writing and permit me to respond in writing.

3. If Judge Tuchi determines that a live conference remains necessary, identify beforehand, to the extent practicable, any additional substantive matters the Court expects me to address and permit a written response when an unexpected substantive matter triggers the communication impairment described above.
4. If these requests are denied and Judge Tuchi requires me to participate under the currently scheduled telephone procedure, please confirm that determination in writing. I will comply.

Unless I receive written direction from the Court changing the October 1 requirement, I will proceed on the understanding that my currently ordered telephonic appearance remains in effect, and I will appear as directed.

I respectfully request a written response before the October 1 conference so that I know which communication procedure I am expected to follow.

Thank you for your consideration of this communication-access request.

Respectfully,

Brigitte Keene
Plaintiff, Pro Se
CV-26-00225-PHX-JJT

On Thursday, September 24th, 2026 at 6:17 PM, Melissa Gabel <Melissa_Gabel@azd.uscourts.gov> wrote:

PLEASE READ ENTIRE EMAIL FOR IMPORTANT DETAILS

Good afternoon. You are scheduled for a telephonic Rule 16 Scheduling Conference on **October 1, 2026, at 2:30 PM (Arizona time)** with Judge Tuchi regarding the above-referenced case.

**Please reply to this email with the following information:**

1. Confirm receipt of this e-mail.
2. Provide name(s) of who will be participating from your firm/agency.
3. Provide full name of party you are representing.
4. **Inform Court if you will be appearing telephonically or in person.**
5. If telephonic, provide phone number to call back should there be any telephone issues.

**DO NOT USE A SPEAKER PHONE OR HEADSETS.** All counsel will need to be on their own individual line.

Use of cell phones is allowed, **ONLY if land lines are not available.**

**Calling from your computer is to be avoided.** These calls are of poor quality when projected into the courtroom.

**When speaking, please state your name each time and speak a little slower than normal.** There is a split-second delay in the transmission and at times it can get cut off, so take your time to ensure a good, clean, and accurate record.

**It is best if you put yourself on mute when you are not speaking. DO NOT** shuffle papers or have any background noise, e.g. rustling papers, clicking pens, gulping water. It can be heard through the courtroom speaker and may cut off another person's transmission.

**IF YOU ARE CALLING FROM HOME, WE REQUEST YOU BE IN A QUIET AREA AWAY FROM CHILDREN AND PETS.**

- **Five minutes prior to the hearing - call 1-855-244-8681 toll-free number (US/Canada) and enter access code: 2305 337 5206.**

- **Please note that it's possible you may be calling into another hearing so you will need to hold & stay quiet until the courtroom deputy acknowledges they are ready for your hearing.**

*Melissa E. Gabel*

Judicial Assistant to Judge John J. Tuchi
United States District Court ~ District of Arizona
602-322-7660

Melissa_gabel@azd.uscourts.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.