**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brigitte Keene,<br>Plaintiff,<br>v.<br>City of Scottsdale, *et al.*,<br>Defendants. | No. CV-26-00225-PHX-JJT<br>**ORDER** |

Before the Court are several submissions by Plaintiff—some filed on the docket (Plaintiff's Motion for Reconsideration at Doc. 47; Plaintiff's Verified Motion for Limited Rule 16 Case Management Relief and Conflict Inquiry at Doc. 51), and some not (Plaintiff's November 4, 5 and 6, 2026 emails to chambers). The Court will deny both motions and instruct Plaintiff once again not to send emails to chambers.

**I. Emails to Chambers**

The Court previously entered an Order clarifying, in response to an email Plaintiff previously sent to the undersigned's Judicial Assistant, that "any subsequent communication with the Court shall take the form of a motion or notice allowed and contemplated by the Federal Rules of Civil Procedure of the Local Rules of Practice of the District of Arizona." (Doc. 40 at 1.) Again, there can be no off-the-record communications between the Court and parties on any matter pending before the Court. Even if a party copies other parties on an email, for example, the communication itself does not constitute part of the record unless, as it did in Doc. 40 with Plaintiff's first email, the Court

subsequently enters an Order requiring the Clerk of Court to file the off-the-record communication into the docket. This results in needless work by the Clerk's office, which the Court will not endorse. Plaintiff shall cease sending emails to chambers immediately.

**II. Plaintiff's Motion for Reconsideration (Doc. 47) and Plaintiff's Verified Motion for Limited Rule 16 Case Management Relief and Conflict Inquiry (Doc. 51)**

The Court takes the time to address a common issue in these two motions which threatens to turn this matter into an improper diversion of disproportionate judicial resources, and that needlessly multiplies proceedings.

The Court, after considering at great length the parties' competing proposed case management schedules, and hearing them at the telephonic scheduling conference on October 1, entered its Scheduling Order in this matter. (Doc. 43.) That Order set the deadline for motions to amend the Complaint and to join additional parties on November 20, 2026. Several weeks later Plaintiff moved the Court to extend that recently-set deadline to June 18, 2027, the date Plaintiff had originally suggested in her separate Rule 26 proposed case management report. (Doc. 45.) The Court denied that motion, pointing out at some length that to allow amendments so far down the road—recall that fact discovery was set to expire June 30, 2027, just a week and a half after Plaintiff's proposed amendment window deadline—would be unfair to her opponent and highly inefficient. (Doc. 46 at 1-2.) Two days later Plaintiff moved for reconsideration in Doc. 47, yet again asking for the same result the Court declined to order.

Motions for reconsideration are generally disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable evidence; (2) the court committed a clear error of law, and the initial decision

was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff's Motion for Reconsideration meets none of the above criteria. It states no newly discovered evidence. It demonstrates no error of law, manifest or otherwise, in the Court's decision denying her favored deadline. And it does not raise any intervening change of law. Plaintiff merely disagrees with the Court's decision. It therefore will be denied. But as importantly, Plaintiff's filing, as well as her subsequent Verified Motion for Case Management Relief and Conflict Inquiry (Doc. 51), demonstrate a practice or trend of 1) simply trying to bury the Court in paper; and 2) attempting to raise tangential issues not before the Court at this stage of litigation. Both of these practices have been present in this matter since its inception. The Court previously warned the parties about this issue at the scheduling conference.

As an example, Plaintiff's Motion to Extend was four pages, in which she set forth the reasoning behind her second attempt at getting her amendment deadline set in mid-2027 (Doc. 45). When the Court denied that motion, her Motion for Reconsideration, which was limited to the same single decision, ballooned to 17 pages as well as an attached 5-page affidavit. Plaintiff's latest Motion for Limited Rule 16 Case Management Relief (Doc. 51), despite spending several pages asserting that it covers different terrain, re-hashes the same issue, expends another 11 pages, and attempts to pull in a wider discovery issue as Plaintiff sees it.

The Court will warn the parties one last time before it begins to consider sanctions—afforded by any number of authorities—that it will not entertain filings that unnecessarily multiply these proceedings. Each judge of this division now manages approximately 600 pending civil and criminal matters, all of which must proceed according to the rules and all of which need the judge's attention from time to time to keep them moving. The Court set a reasonable case management schedule to set this matter moving, and it will return to this matter when it is genuinely necessary to resolve issues and to keep the matter progressing. That will not include unnecessary or unjustified motion practice, incomprehensible filings,

motions that take up valuable pages—all of which this Court must read to thoroughly do its job—purporting to explain what the filing *doesn't do* or *isn't about*. And it will not brook attempts to raise issues that are not yet properly before the Court because the flow and shaping of the case, as dictated by the Federal Rules of Civil Procedure, the Local Rules of Practice for the District of Arizona, and this Court's orders, have not ripened those issues.

**IT IS ORDERED** denying Plaintiff's Motion for Reconsideration (Doc. 47) and Plaintiff's Verified Motion for Limited Rule 16 Case Management Relief and Conflict Inquiry (Doc. 51).

**IT IS FURTHER ORDERED** directing that no party communicate with the Court through email unless directed to do so by chambers.

Dated this 10th day of November, 2026.

Honorable John J. Tuchi
United States District Judge