**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brigitte Keene,<br>Plaintiff,<br>v.<br>City of Scottsdale, *et al.*,<br>Defendants. | No. CV-26-00225-PHX-JJT<br>**ORDER** |

At issue is Plaintiff's "Verified Emergency Motion to Enforce 28 U.S.C. § 455(a), Object to the Procedural Characterization in Document 54, Stay the November 20 Deadline, and Preserve Allegations of Judicial Misconduct and Constitutional Violations." (Doc. 55.) The Court will not rule on the Motion, nor other pending motions, until Judge Rayes has entered his ruling on the pending Motion for Recusal. (Doc. 53.) A brief clarification is nonetheless warranted, seeing as Plaintiff's latest filing exposes a misunderstanding of the present posture.

Plaintiff previously filed a "Verified Motion for Disqualification and Reassignment Pursuant to 28 U.S.C. § 455(a)," seeking that the undersigned disqualify or recuse himself from this matter for what Plaintiff urges is "discriminatory, abusive, exclusionary [and] bullying" treatment. (Doc. 53.) Rather than decide the Motion—and Plaintiff's associated allegations about the undersigned himself—he referred the matter to another judge for a neutral decision by someone having fresh eyes, pursuant to local rule. (Doc. 54.) At that time, the undersigned decided not to make further rulings on any pending motions until

Judge Rayes had ruled on Plaintiff's recusal motion; if Judge Rayes grants the recusal motion, whatever judge is newly assigned the matter is the appropriate authority to decide such pending motions.

Despite the Order, Plaintiff filed a "Verified Emergency Motion to Enforce 28 U.S.C. § 455(a), Object to the Procedural Characterization in Document 54, Stay the November 20 Deadline, and Preserve Allegations of Judicial Misconduct and Constitutional Violations" (Doc. 55), in which she asserts that by referring her recusal motion to Judge Rayes, rather than deciding it himself, the undersigned has somehow changed the relief she sought and the statutory authority under which she brought that request for relief. (Doc. 55 at 4 ("The question is judicial impartiality. The statute is § 455(a). The requested relief is disqualification. That question must be decided under the law governing judicial disqualification. [The Court's Order] invokes a different procedural authority . . . . LRCiv 42.1(e)(3) appears within the District of Arizona's provision governing voluntary judicial reassignment for reasons of judicial economy and the availability of judicial resources. That is not the statutory authority Plaintiff invoked.") According to Plaintiff, the undersigned's referral to another judge to decide her disqualification/recusal motion "would constitute procedural laundering and material mischaracterization of the record." (Doc. 55 at 5.)

Undersigned has already indicated in this Order he will make no additional decisions on pending motions in this matter, including the instant one, until or unless Judge Rayes denies the disqualification/recusal motion, leaving that matter as currently assigned. But he will clarify for Plaintiff's benefit that her disqualification/recusal motion will be decided according to the statutory authority under which she brought the motion—28 U.S.C. § 455(a)—and her characterization and understanding of the undersigned's referral order to Judge Rayes is incorrect.

Section 455(a) is the sole statutory authority under which a party can seek disqualification or recusal of an assigned judge for "personal bias or prejudice," or in a

proceeding where "his impartiality might reasonably be questioned." Its standard will be applied to decide Plaintiff's motion regardless of which judge decides it.

LRCiv 42.1(e) does not alter Plaintiff's motion or the statutory standard that must be applied to decide it. It operates only to address *who* will decide it. In light of the accusations Plaintiff has made in her motion that the undersigned engaged in discriminatory, abusive, exclusionary and bullying treatment of her, presumably Plaintiff would prefer the undersigned not to decide the merits of her allegations and thus her motions. For that reason, the undersigned invoked LRCiv 42.1(e) to allow another judge to decide Plaintiff's motion. There was no alteration of Plaintiff's motion or the statutory basis for it, or the standard the Court will apply to decide it—Judge Rayes will apply Section 455(a)'s standard for disqualification and decide whether it is met or not. Nor does LRCiv 42.1 in any way supplant Section 455(a). The statute and the local rule have different purposes which do not conflict. Section 455(a) provides for relief to a litigant in the form of recusal or disqualification and sets forth the legal standard which must be met to receive that relief. LRCiv 42.1(e) does not change that. It addresses only the process by which a matter may be transferred in whole or referred in part from one judge to another for the purposes, and according to the procedures, listed in the rule, and judges in the district have long utilized it in circumstances like this, where a litigant might think it unseemly or unfair for the judge they had accused of bias or prejudice against them to decide whether she or he ought to stay on the case.

At the Rule 16 Scheduling Conference in this matter, when the undersigned advised Plaintiff of her obligations as a self-represented litigant, he noted that the law she would be required to be familiar with, and to follow, included 1) statutory law, 2) the Federal Rules of Civil Procedure, 3) the Local Rules of Practice for the District of Arizona, and 4) the Court's Orders, all of which carry the force of law. The first source provides the lion's share of substantive law; the latter three sources primarily procedural law, but all apply, and where they do not conflict, all must be followed. Procedural law, as here, often provides an overlay to address the substantive law provisions—that is, to advance the

matter or discrete issues within it, for example in this case whether a judge should be recused or disqualified, so the substantive issue may be decided—by providing a procedural overlay, such as setting a deadline for briefing the issue, setting a hearing, or concluding when, where and by whom the issue will be addressed. It is therefore incorrect to assume, and to argue without support, that simply because a statute and a rule touch on the same issue, that applying them both is somehow unlawful or unconstitutional.

**IT IS ORDERED** that the referral of Plaintiff's "Verified Motion for Disqualification and Reassignment Pursuant to 28 U.S.C. § 455(a)" (Doc. 53) remains referred to Judge Rayes for determination. The undersigned will enter no further substantive orders in this matter until Judge Rayes has entered his ruling on the motion at Doc. 53.

**IT IS FURTHER ORDERED** that the undersigned or any subsequently assigned judge will adjust the discovery schedule, if necessary, upon resolution of the Motion at Doc. 53.

Dated this 13th day of November, 2026.

Honorable John J. Tuchi
United States District Judge